# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-221V
Filed: July 12, 2016
Not for Publication

*************************************
BRANDENE LAPORTE,                    *
                                     *
    Petitioner,                      *    Attorneys' fees and costs decision;
                                     *    reasonable attorneys' fees and
v.                                   *    costs
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
    Respondent.                      *
                                     *
*************************************

Maximillian J. Muller, Dresher, PA, for petitioner.
Justine E. Walters, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On March 4, 2015, petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012). Petitioner alleged that she developed transverse myelitis ("TM") caused by her receipt of the tetanus-diphtheria-acellular pertussis ("Tdap") vaccine on March 5, 2012. On April 27, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation.

On June 10, 2016, petitioner filed a motion for attorneys' fees and costs. Petitioner requested attorneys' fees in the amount of $26,596.50 and attorneys' costs in the amount of

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

$3,009.72, for a total request of $29,606.22.  In compliance with General Order #9, petitioner's counsel stated that petitioner did not incur any costs in pursuit of her claim.  Fee App. ¶ 4.

On June 27, 2016, respondent filed a response to petitioner's motion explaining that she is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B).  Resp. at 2.  However, respondent states that her "estimation of reasonable attorneys' fees and costs for the present case roughly falls between $18,000.00 and $22,000.00."  Id. at 3.  Respondent bases this estimate on a "survey of fee awards in similar cases and her experience litigating Vaccine Act claims."  Id.  She also cites two cases in which petitioners were awarded $18,466.08 and $19,115.70 in attorneys' fees and costs for cases that settled prior to the filing of Rule 4(c) or Expert Reports.  See Steen v. Sec'y of HHS, No. 15-176V, 2016 WL 2754913 (Fed. Cl. Spec. Mstr. Apr. 21, 2016); Taylor v. Sec'y of HHS, No. 14-146V, 2015 WL 1811621 (Fed. Cl. Spec. Mstr. Mar. 27, 2015).

On July 7, 2016, petitioner filed a four-page reply to respondent's response to her application for attorneys' fees and costs.   In her reply, petitioner argues that the amount she requests in her fee application is reasonable and should be awarded in full.  Reply at 4.  She points out that over 4,500 pages of medical records were filed in her case.  Id. at 3.  Petitioner also requests an additional $275.00 for the time her attorney spent drafting the reply.  Id. at 4.  Therefore, petitioner requests a total of $29,881.22 in attorneys' fees and costs.

Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013).  The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.  Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Respondent's counsel attempts to justify her suggested range of attorneys' fees by citing two cases in which a lower amount of attorneys' fees and costs were awarded than the amount petitioner requests.  Neither of the cases cited by respondent involved transverse myelitis.  Steen involved motor axonal neuropathy, while Taylor involved Guillain-Barré syndrome.  2016 WL 2754913, at *1; 2015 WL 1811621, at *1.  Respondent seems to suggest that these cases are comparable to the instant case simply because they settled before respondent filed a Rule 4(c) Report or either party filed an Expert Report.  The undersigned does not find respondent's argument persuasive.  It is not necessarily instructive to compare cases involving similar procedural histories in order to determine the appropriate amount of attorneys' fees and costs.  Each case in the Vaccine Program is different.  Even petitioners alleging the same vaccine injury may have vastly dissimilar medical histories, and, consequently, different numbers of medical records petitioners' attorneys need to locate, file, and review.  As petitioner points out, this case necessitated filing over 4,500 pages of medical records, which would have taken petitioner's counsel a great deal of time to review.

      Based on her experience and review of the billing records submitted by petitioner, the undersigned finds the amount requested by petitioner to be reasonable. The undersigned also finds that the supplemental fees petitioner requests for the time her attorney spent preparing the reply are reasonable.

      Therefore, the undersigned **GRANTS** petitioner's Motion for Attorneys' Fees and Costs. Accordingly, the court awards **$29,881.22**, representing attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and Muller Brazil, LLP in the amount of **$29,881.22**.

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: July 12, 2016                                 s/ Laura D. Millman
                                                                                              Laura D. Millman
                                                                                                  Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.